UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ROBERT HOSKINS,                      )
                                     )
                                     )
                                     )
    Plaintiff,                       )
                                     )
    v.                               )   13-CV-3090
                                     )
OFFICER MURREL,                      )
PAMELA SCHLUETER, and                )
SARAH JOHNSON,                       )
                                     )
    Defendants,                      )

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Western Illinois Correctional Center, seeks leave to proceed in forma pauperis. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim

that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted)). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id. (*quoting* Bell Atlantic, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56).  However, pro se pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ANALYSIS

Plaintiff alleges that, on September 8 and 9, 2013, he was denied sanitary conditions and basic hygiene necessities.  He was incarcerated in Western Illinois Correctional Center at the time, where he remains incarcerated.

Inhumane conditions of confinement violate a prisoner's Eighth Amendment right to be free from cruel and unusual punishment.  To state an Eighth Amendment claim, the prisoner's allegations must plausibly suggest that the prisoner was denied "'the minimal civilized measure of life's necessities.'" Vinning-El v. Long, 482 F.3d 923, 924 (7th Cir. 2007)(citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Life's necessities include adequate sanitation and the provision of basic hygiene items.  For example,

in Vinning the prisoner was kept for six days in a segregation cell with no "mattress, sheets, toilet paper, towels, shoes, soap, toothpaste;" the cell floor was covered with water; and, the walls were "smeared with blood and feces."  482 F.3d at 924 (listing other cases with similar allegations in support of concluding that the conditions described by the prisoner were sufficiently serious).

Plaintiff alleges without elaboration that Officer Murrel denied "Plaintiff's need for reasonably adequate sanitation" on September 8, 2012.  Similarly, Plaintiff alleges in conclusory fashion that Officer Schlueter was deliberately indifferent to Plaintiff's need for basic hygiene items on September 9, 2012.  These conclusions do not allow a plausible inference that Plaintiff was actually denied basic necessities or a sufficiently sanitary environment.

The grievances attached to the Complaint offer no more detail. In one grievance, Plaintiff complains that he asked for and was denied cleaning supplies for his regular cell on September 8, 2012. The grievance officer responded that the cells are sanitized according to prison policy.  The denial of cleaning materials, by itself, does not deprive Plaintiff of the "minimal civilized measure of life's necessities."  Neither the Complaint nor the grievance alleges

any facts that might allow a plausible inference that the condition of Plaintiff's cell was so unsanitary as to rise to an objectively serious deprivation.

Two other grievances attached to the Complaint complain of the denial of soap, toothpaste, and laundry detergent. Those grievances were denied for the stated reason that Plaintiff had enough money in his account to purchase these items himself. Nothing in the Constitution requires the State to pay for hygiene items which Plaintiff has enough money to buy himself. *See* Poole v. Isaacs, 703 F.3d 1024, 2012 WL 6720508 (7th Cir. 2012)("[T]he Eighth Amendment does not compel prison administrators to provide cost-free medical services to inmates who are able to contribute to the cost of their care."). Plaintiff does not allege that he was unable to buy soap, toothpaste, or laundry detergent at any time. Accordingly, no plausible inference arises that Plaintiff actually suffered any objectively serious deprivation.

Plaintiff asserted in his grievances that the denial of his requests violated internal rules. However, the violation of internal rules, or even state law, does not by itself violate the U.S.

Constitution.  Guarjardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010)("[A] violation of state law is not a ground for a federal civil rights suit.").

In short, the Court cannot discern a plausible federal claim from the Complaint and its attachments.  This case will be dismissed for failure to state a claim.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a federal claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  This case is closed.  The merit review hearing scheduled for May 20, 2013, is cancelled as unnecessary.  The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).  The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed.  The agency having custody of

Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

ENTERED: May 14, 2013

FOR THE COURT:

                                           **s/Sue E. Myerscough**
                                          SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE